# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVSION

| | | |
|---|---|---|
| ROBERT L. FRANK, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 1:13-cv-940-TWP-MJD |
| | ) | |
| WENDY KNIGHT, | ) | |
| | ) | |
| Respondent. | ) | |

## ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS

This matter is before the Court on the Petition of Robert L. Frank ("Mr. Frank") for a Writ of Habeas Corpus (Dkt. 1) challenging a prison disciplinary proceeding identified as No. CIC 13-03-0517. For the reasons explained in this Entry, Mr. Frank's Petition must be **denied**.

## I. DISCUSSION

### A.     Standard

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003).

## B.     The Disciplinary Proceeding

On March 26, 2013, Internal Affairs Investigator Matt Johnson ("Mr. Johnson") wrote a Report of Conduct that charged Mr. Frank with possession of a controlled substance. The Report of Conduct states:

> On February 8, 2013 Officer Corey Lynch discovered two hand written letters during a cell search in 22L-3AS. The letters had information pertaining to the use and possession of suboxone. Offender Frank lives in cell 22L-3AS, a hand writing comparison was done [sic] I am confident Offender Frank did write the letters found in his cell.

One of the hand-written letters stated "I gave Hoover & Riker those 62 strips & told them to give me $500.00." Another hand-written letter states "[i]f you want to buy the whole thing (the only way to get it) I only sell em for $30 a piece!" The letter warns against using the telephones to relay information because "they listen." A third letter, used as a comparator, is a handwritten letter from Mr. Frank to Mr. Johnson received on January 7, 2013. This letter refers to Mr. Frank holding drugs for another offender, including "weed," "Saboxin," and cocaine. Mr. Frank had also sent a letter to Superintendent Knight dated December 15, 2012, in which he explained that he felt his life was in danger in the general population because of his crime.

On March 28, 2013, Mr. Frank was notified of the charge of possession of a controlled substance when he was served with the Report of Conduct and the Notice of Disciplinary Hearing (Screening Report). Mr. Frank was notified of his rights, pled not guilty, and requested the appointment of a lay advocate. He did not request any witnesses, but as physical evidence he requested the handwritten notes. He waived 24-hour notice of a hearing.

The hearing officer conducted a disciplinary hearing in CIC-13-03-0517 on March 29, 2013. The hearing officer found Mr. Frank guilty of the charge of possession of a controlled substance. In making this determination, the hearing officer considered staff reports, the letters,

and the Internal Affairs Confidential Report. The hearing officer recommended and approved sanctions including 90-days earned credit time deprivation and demotion from credit class 1 to credit class 2. Mr. Frank appealed to the Facility Head on March 28, 2013. The Facility Head denied the appeal on April 17, 2013. Mr. Frank then appealed to the Final Reviewing Authority, which denied his appeal by letter dated May 9, 2013. This action followed.

## C. Analysis

In his petition for a writ of habeas corpus, Mr. Frank argues that 1) he was never in possession of or found to have used a controlled substance; 2) language referring to Suboxone was fabricated; 3) the handwriting comparison was improperly done; and 4) the hearing officer failed to consider the lack of evidence against him. Each of these arguments amounts to a claim that the evidence was insufficient to support his conviction for possession of a controlled substance.

To afford Mr. Frank due process in his habeas petition, the Defendant must present "some evidence" to support the hearing officer's decision. This standard was established in *Superintendent v. Hill,* 472 U.S. 445 (1985). The "some evidence" standard is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). Although the evidence before the hearing officer must "point to the accused's guilt," *Lenea v. Lane, 882* F.2d 1171, 1175 (7th Cir. 1989), the standard of 'some' evidence "does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Hill*, 472 U.S. at 457. The determination should be upheld if "there is any evidence in the record that could support the conclusion reached." *Id.* Even "meager" proof will suffice so long as "the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." *Id.* This is a "lenient"

standard, requiring no more than "a modicum of evidence." *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (*citing Hill,* 472 U.S. at 457; *Lenea*, 882 F.2d at 1175).

In this case, the evidence favorable to the decision of the hearing officer, *see Henderson v. United States Parole Comm'n,* 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the [hearing officer's] decision only if no reasonable adjudicator could have found [the petitioner] guilty of the offense on the basis of the evidence presented."), is this: the letter Mr. Frank sent to Mr. Johnson in January 2013 stated that he held "weed," "Saboxin," and cocaine for another offender. Mr. Frank does not deny writing this letter. Next, a letter found in his cell on February 8, 2013, referred to 62 "strips" that were sold for $500.00. Mr. Johnson reasonably inferred that to mean 62 strips of Suboxone, which is sold as a film, according to the company website. Another letter found in Mr. Frank's cell discusses selling something for $30.00, and warns against using the telephones to relay information because "they listen." The two unsigned letters show the writer selling items at high prices and not wanting to get caught if prison officials listen to telephone conversations discussing the transactions.

This evidence satisfies the "some evidence" standard. First, a conduct report alone may provide "some evidence" of guilt, notwithstanding its brevity or the presence of conflicting evidence. *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). The Report of Conduct here[1] states:

> On February 8, 2013 Officer Corey Lynch discovered two handwritten letters during a cell search in 22L-3AS. The letters had information pertaining to the use and possession of suboxone. Offender Frank lives in cell 22L-3AS, a handwriting comparison was done [sic] I am confident Offender Frank did write the letters found in his cell.

---

[1] Page 6 of the Respondent's Return to Order to Show cause refers to a Conduct Report and a Report of Investigation related to a Frank Dontell. These reports do not appear to be related to the disciplinary action at issue in this case and have not been considered.

Mr. Frank asserts that language in the letters regarding Suboxone was fabricated but he does not provide any evidence to support this assertion. He does not argue that the handwritten documents were altered in any way. He also argues that the comparison of writing samples should have been done by an expert. But there is no due process right to a handwriting expert. *See Monier v. Holt*, 2005 WL 3531369 (M.D. Pa. Dec. 21, 2005) *aff'd*, 259 F. App'x 518 (3d Cir. 2007) ("DHO Biafore did not violate Petitioner's due process rights by accepting Lieutenant Montgomery's testimony that the threatening note was comparable to a sample of Petitioner's handwriting."); *Bennett v. Jackson*, 2006 WL 618124 (E.D. Ark. Mar. 9, 2006). Here, the statement by the investigating officer that the letters were compared is sufficient to satisfy the "some evidence" standard. Mr. Frank also asserts that there is no evidence that he *used* the controlled substance at issue, but he was convicted of *possession* of a controlled substance, not *use*. Therefore, there was no requirement of any evidence of use. Finally, in his reply in support of his habeas petition, Mr. Frank also appears to challenge the admissibility of the letters under the Federal Rules of Evidence, but those rules do not apply to prison disciplinary proceedings. *Walker v. O'Brien*, 216 F.3d 626, 637 (7th Cir. 2000). Any alleged violation of those rules is therefore irrelevant.

## II.  CONCLUSION

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Frank to the relief he seeks. Mr. Frank's disciplinary conviction was supported by "some evidence." Accordingly, Mr. Frank's Petition for a Writ of Habeas Corpus (Dkt. 1) is **DENIED** and the action dismissed. Judgment consistent with this Entry shall now issue.

**SO ORDERED.**

Date:   04/28/2014
      _____

 

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana


DISTRIBUTION:

Robert L. Frank, Jr., 941178
Pendleton Correctional Facility
4490 West Reformatory Road
Pendleton, Indiana  46064

Frances Hale Barrow
Office of the Deputy Attorney General
Frances.barrow@atg.in.gov